# IN THE COURT OF APPEALS OF IOWA

No. 4-037 / 13-1955
Filed February 5, 2014

IN THE INTEREST OF N.G.,
    Minor Child,

B.S., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Louise Jacobs, District Associate Judge.


B.S. appeals the district court order terminating her parental rights. **AFFIRMED.**


Steven L. Cooper of Burdette Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Annette Taylor and Kevin B. Patrick, Assistant County Attorneys, for appellee.

Kimberly Ayotte of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

B.S. appeals the district court order terminating her parental rights. She argues there was insufficient evidence to justify termination, termination is not in the best interests of the child, and statutory exceptions apply that do not require termination. We find sufficient evidence to justify termination and termination is in the best interests of the child. We affirm.

## I.     Background Facts and Proceedings

This case is the result of a second child in need of assistance (CINA) petition filed for the benefit of B.S.'s child, who was two and a half years of age at the time of the termination hearing. The first CINA case, filed in July 2011, was closed in March 2012 after B.S. successfully participated in services. The child was removed for a second time on January 25, 2013, after B.S. left the child with relatives following a drug relapse. B.S. failed to participate in any offered services but continued to use methamphetamine until her arrest for several criminal charges in June 2013.[1] On October 13, 2013, the date of the termination hearing, B.S. was still in jail as her criminal charges remained unresolved. B.S. last had contact with the child on February 23, 2013.

The district court terminated B.S.'s parental rights based upon five separate statutory provisions. The court determined the child has been abandoned; the child has been abused and the circumstances continue despite the offer of services; the parent has failed to maintain meaningful contact with the

---

[1] At the time of the termination hearing, B.S. was incarcerated on charges of robbery, second degree theft, unlawful use of a credit card, and a probation violation. The probation resulted from a charge of assault with a dangerous weapon.

child despite being given the opportunity to do so; the child is under three years of age and has been removed from the parent's custody for at least six of the past twelve months with no possibility of return; and the parent has a serious substance abuse problem preventing the child from being returned in a reasonable period of time. Iowa Code § 232.116 (b), (d), (e), (h), and (*l*) (2013).

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the district court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III.     Discussion

Under Chapter 232, we follow a three-step analysis for termination of parental rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). If we find a basis for termination exists under section 232.116(1), we then proceed to determine whether termination is in the best interests of the child under section 232.116(2). Finally, we must consider whether any of the statutory exceptions in section 232.116(3) allow the court to decline to terminate. Where the district court has cited multiple grounds for termination, we may affirm on any one ground supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Upon a review of the record, we find grounds for termination exists under section 232.116(1)(e), (h), and (*l*).

Section 232.116(1)(e) allows for termination where the child has been adjudicated in need of assistance, has been removed from the physical custody of the parent for at least six consecutive months, and the parent has failed to

maintain significant and meaningful contact with the child. B.S. has had no contact of any kind with the child since February 23, 2013. Though B.S. has been incarcerated since June 2013, and has had less opportunity to maintain contact with the child, she had ample opportunity from February 23, 2013, through June 19, 2013, the date of her arrest, and made no effort to do so. While incarcerated, there is no evidence B.S. has sent cards or letters, called, or maintained any communication with the child. B.S, has failed to maintain a place of importance in the child's life.

Section 232.116(1)(h) allows for termination when the child is under three years of age, has been adjudicated in need of assistance, has been removed from the custody of the parent for six of the last twelve months, and cannot be returned as provided in section 232.102 at the present time. The child has been removed since February 23, 2013, and at the time of the hearing, B.S. remained incarcerated and was unsure when she might be able to care for the child.

Section 232.116(1)(*l*) allows for termination where the parent has a severe substance-abuse problem that poses a danger to the parent or others, and the child will not be able to be returned to the parent within a reasonable time. This is B.S.'s second court involvement as a result of her substance abuse. Though she acted appropriately in placing the child with a relative so as to protect the child from the dangers of her addiction, she refused to participate in services and has made statements about voluntarily terminating her parental rights. As a result of her reluctance to address her addiction and pattern of relapse, it is unlikely the child can be returned to her care within a reasonable time.

Having found grounds for termination, we next consider whether termination is in the best interests of the child. Iowa Code § 232.116(2). We give consideration to the best placement for the long term growth and needs of the child. *Id.* We find termination is in the child's best interests. This proceeding is the result of the second CINA petition in a short period of time. B.S. has struggled to maintain her sobriety and has failed to maintain significant contact with the child. The child is settled into a stable home, with family, where the child's needs are more likely to be met in the future.

Finally, we are to consider whether any of the exceptions in section 232.116(3) apply. B.S. argues the court need not terminate because a relative has legal custody of the child and because of the strength of the parent-child bond. We decline to use section 232.116(3) as a reason to refuse to terminate B.S.'s parental rights. B.S. has had no contact with her young child for several months; accordingly we are not concerned that termination will sever a strong parent-child bond. Because of the unlikelihood of reunification, B.S.'s ongoing substance abuse problems, and considering the best interests of the child, we find termination is appropriate in this case.

**AFFIRMED.**